WARREN M. BENTON *v.* ABNER C. ROBERTS.

APPEAL from the District Court of Carroll, *Curry*, J.

MARTIN, J. The defendant is appellant from a judgment in a possessory action. He assigns as errors apparent on the face of the record : *first*, that the court erred in overruling his exception to the sufficiency of the petition; *second*, that he was improperly ruled to trial; *third*, that the court erred in refusing a new trial.

I. The defendant urges that the petition does not state in what capacity the plaintiff institutes this suit. It states that the plaintiff had the right of possession, and that the defendant dispossessed him. This is, in our opinion, sufficient.

II. The second assignment of error is presented to us in a bill of exceptions, which states that the defendant was ruled to trial in the absence of his witnesses, who did not answer when called, he being ready to make affidavit of the materiality of their testimony, and the witnesses having been summoned. The court ordered the trial to proceed, expressing its opinion that the suit was merely a possessory one, in which the possession was alone at issue, which was admitted by the defendant in his answer; and that there was nothing for him to prove in his defence, the plea of title having been stricken from his answer.

The judge, in our opinion, erred. The continuance ought to have been granted, on the affidavit which the defendant offered to make. His answer contained no admission of the allegations in the plaintiff's petition, but, on the contrary, averred the possession

of the defendant, which, if established, would have disproved that of the plaintiff.

III. The opinion which we have just expressed as to the trial, renders it useless to inquire whether a new trial was correctly refused.

It is, therefore, ordered, that the judgment be annulled and reversed, the verdict set aside, and the case remanded for further proceedings ; the plaintiff and appellee paying the costs of the appeal.

*Hyams*, for the plaintiff.

*Browder* and *Dunlap*, for the appellant.